UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| PAUL A. SMITH,                              ) | Civil Action No.: 8:07-cv-3201-RBH |
|              )                           | |
|       Plaintiff,                     )  | |
|              )                           | |
| v.                                          )     | **ORDER** |
|              )                           | |
| MS. NFN BOYD, Director of Kershaw    )       | |
| County Detention Center; NFN DUBOSE,  )     | |
| Corporal; BOBBY BOLAND, Kershaw     )      | |
| County Administrator; LT. MCCRAY,       )   | |
| Kershaw County Detention Center;          )   | |
|              )                           | |
|       Defendants.                  )   | |

Plaintiff, currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when a prison guard at the Kershaw County Detention Center assaulted him on February 17, 2007.

Pending before the court is Defendants' [Docket Entry #32] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #42] of Magistrate Judge Bruce Howe Hendricks filed on June 23, 2008.[1]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted concluding that Plaintiff had failed to exhaust his administrative remedies.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

In his objections, Plaintiff does not dispute that he failed to file a grievance regarding the matter alleged in his complaint, but argues that he was never informed of the exhaustion requirement and appears to argue that exhaustion would have been futile.

Title 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing an action with respect to prison conditions under § 1983. The exhaustion requirement is mandatory and courts have no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *Johnson v. Ozmint*, No. 0:07-cv-3027-PMD-BM, 2008 WL 2557447, at *6 (D.S.C. June 20, 2008). Even where exhaustion may be considered futile or inadequate, exhaustion cannot be waived. *Alexander*, 159 F.3d at 1325; *Johnson*, 2008 WL 2557447, at *6. Additionally, exhaustion is required regardless of the relief sought. *Johnson*, 2008 WL 2557447, at *6. As the United States Supreme Court has stated, "[w]here Congress

specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

Because the exhaustion requirement is mandatory and this court has no discretion to waive exhaustion, Plaintiff's failure to file a grievance regarding this matter is fatal to his claim.  This court cannot waive the exhaustion requirement, which was specifically mandated by Congress, based on Plaintiff's ignorance of the requirement or any perceived futility or inadequacy with the administrative grievance process.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed Plaintiff's objections and finds that they are without merit.

Accordingly, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #42] of the Magistrate Judge.  Defendants' [Docket Entry #32] motion for summary judgment is **GRANTED**.  This case is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                                        s/ R. Bryan Harwell
July 11, 2008                                                                            R. Bryan Harwell
                                                                                                United States District Judge